UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---

EDGARDO RAMOS-VICENTE )
V. )
UNITED STATES OF AMERICA )

---

15-696 (PAD)

Motion to Reduce Sentence Pursuant to 3582(c)(2)

---

Defendant, EDGARDO RAMOS-VICENTE, pro se, enters this motion filed as a 3582(c)(2) and respectfully requests this Honorable Court to reduce his sentence based off the facts presented in this motion.

## Facts Presented

On August 24, 2023, The United States Sentencing Commission (USSC) voted by a vote of 4 to 3 make retroactive the amendments to how the sentencing guidelines calculate criminal history. The amendment itself is slated to go into effect on November 1, 2023. The courts will be able to issue orders of resentencing on February 1, 2024. With the amendments, the judges will be able to reduce the sentencing range by two levels if the defendant meets a long list of criteria. The list states:

The Defendant did not
1. receive any criminal history points;
2. receive a terrorism adjustment;
3. use violence or credible threats of violence in connection with the offense;
4. possess, receive, or otherwise handle a firearm or other dangerous weapon;
5. personally cause substantial financial harship;
6. receive a hate crime, vulnerable victim, or serious human rights weapon;
7. receive an aggravating role adjustment;
8. engage in a continuing criminal enterprise. In addition, the instant offense cannot have resulted in death or serious bodily injury; was not a sex offender; and not an offense involving individual rights. See US Sentencing Commission News Release, "Back in Business"

U.S. Sentencing Commission Acts to Make Communities Safer and Stronger, April 5, 2023, https://www.ussc.gov/about/news/press-releases/april-5-2023.

A sentence reduction based on a change in the Guidelines is governed by 18 U.S.S.C. 3582(c)(2). The reduction is applicable as it is consistent with applicable policy statements issued by the Sentencing Commission. The authority of a district court to modify an imprisonment sentence is normally limited by statute. A judgment of conviction that includes a sentence constitutes a final judgment and may not be modified by a district court except in limited circumstances. Section 3582(c)(2) establishes an exception to the general rule of finality "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission and made retroactive." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (Citing 18 U.S.C. 3582(c)(2)). This motion should present enough to get the relief requested.

## Conclusion

With these changes made by the USSC, defendant is doing what is required to get the benefits of this sentence reduction. Defendant is abiding by rules and is rehabilitating and programming. This reduction will get defendant home sooner. Defendant is only requesting this Court give him what he is eligible to receive with this change in sentencing. As there may be numerous ways to enter these motions, dendant believes the 3582(c)(2) motion is the proper avenue. However, a pro se complaint is entitled to a generous interpretation. The United States Supreme Court holds allegations of a pro se complaint to less stringent standards than formal pleadings by lawyers. See Haines v. Kerner, 404, U.S. 519, 30L. Ed. 2d 652, 93 S. Ct. 594(1972).

Certificate of Service and Declaration

I, EDGARDO RAMOS-VICENTE, hereby declare under penalty of perjury according to the Course of Common Law, and in good faith, that the statements, information, documentation and facts in the foregoing instrument are true, correct and are not intended to mislead. This Motion to Reduce Sentence pursuant to 3582(c)(2) was placed in the institutional USPS mail system with proper postage and sent to:
Clerk's Office, Federico Degetau Federal Building, 150 Carlos Chardon Avenue, Room 150, San Juan, PR 00918 on this day of December ___, 2023.

Sincerely,
Edgardo Ramos-Vicente

#41526-069
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640